UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 03-80244
                                       HONORABLE VICTORIA A. ROBERTS

v.

JOSEPH MICHAEL HURST,

        Defendant(s).
_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

      This matter is before the Court on Defendant Joseph Michael Hurst's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255. In April 2005, Defendant was charged with one count of conspiracy to distribute more than 1,000 kilograms of marijuana, 21 U.S.C. §§841(a)(1) and 846, which carries a mandatory minimum sentence of 120 months. Twenty-five others were also charged in the conspiracy. Because Defendant had a prior drug conviction, the Government filed a penalty enhancement, pursuant to 21 U.S.C. §851(a), which increased the mandatory minimum sentence to 240 months.

      Defendant pled guilty to the offense charged and the Government dismissed the penalty enhancement. Defendant's guideline range was 120 to 135 months. On March 9, 2006, the Court sentenced Defendant to 120 months.

      Defendant now requests an evidentiary hearing and resentencing. As a preliminary matter, the Court finds that Defendant's motion was timely filed even though

the Court received it more than one year after Defendant's conviction became final.

Section 2255 has a one year statute of limitations, which requires such petitions to be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  See also *Dunlap v United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).  Defendant's judgment of conviction was entered on March 15, 2006.  However, his §2255 motion was not filed with the Court until April 9, 2007.  But, Defendant avers in his motion that he gave it to prison officials for filing on March 13, 2007.  He appears to have signed it on the same date.

In the Sixth Circuit, a §2255 motion is deemed filed when it is given to prison authorities for mailing.  *See Cook v Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *United States v Mellinger*, 2005 W.L. 3240585, *1 (E.D. Tenn. 2005).  The Court finds that Defendant sufficiently established that his motion was filed with prison authorities before the statute of limitations expired.

Turning to the merits, the basis of Defendant's request for resentencing is unclear.  He seems to assert either that: 1) the penalty enhancement was improper

because the prior drug conviction was in 1994, which was within the timeframe of the conspiracy (1991 to 2004) and was over ten years old, or 2) he should not have been assessed one criminal history point for the 1994 conviction. He also alleges that his attorney was ineffective for failing to object to or appeal what he regards as a sentencing error. There is no merit to any of these arguments.

As stated, the Government withdrew the penalty enhancement before sentence was imposed. Therefore, the mandatory minimum was reduced to 120 months, which was the sentence imposed by the Court. To the extent Defendant contends that the penalty enhancement was improperly filed, the issue became moot when the Government withdrew the enhancement.

Defendant's criminal history calculation is also correct with respect to the 1994 conviction. Defendant was assessed a total of four criminal history points, which included one point for his 1994 conviction and placed him in Category III. His offense level was 29. Without the mandatory minimum required for the charge to which he pled, Defendant's guideline range was 108 to 135. If one point were not assessed for the 1994 conviction, Defendant's criminal history category would have been II and his guideline range would have been 97 to 121 months.

The Court finds that Defendant was correctly assessed one point for his 1994 conviction, pursuant to U.S.S.G. §4A1.1(c), because it was a prior conviction and he was sentenced to six months probation. The fact that the conviction was over ten years old at the time of sentencing did not preclude the Court from including it in the calculation of the sentencing guidelines, because §4A1.1(c) only excludes sentences which were imposed "more than ten years prior to the defendant's *commencement of*

3

*the . . . offense.*" (emphasis added). Defendant became involved in the conspiracy to which he pled guilty either in 1991 or 1999.[1] Therefore, one criminal history point was properly assessed.

Even if the criminal history point was added in error, Defendant's sentence was not affected. Whether Defendant fell within Category II or III, the Court was required by statute to impose a sentence of at least 120 months, and Defendant received the minimum sentence.

For all of these reasons, there is no basis for a finding of ineffective assistance of counsel with respect to the sentencing issues raised or for resentencing. Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 19, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se defendant by electronic means or U.S. Mail on April 19, 2007.

S/Carol A. Pinegar
Deputy Clerk

---

[1] In his Rule 11 Agreement, Defendant stipulated that he became involved in 1991. *See* Rule 11 Agreement at ¶1(C). However, in the Presentence Investigation Report, the probation department indicates that Defendant did not become involved until 1999. *See* PSIR at ¶14.